UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PEPSICO, INC., et al,<br><br>         Plaintiff(s),<br><br>v.<br><br>RAM TRADERS, LTD.,<br><br>         Defendant(s). | 2:1-CV-2017 JCM (RJJ) |

### ORDER

Presently before the court is plaintiffs PepsiCo, Inc. and Frito-Lay North America, Inc. application for default judgment against defendant Ram Traders, Ltd. pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. # 15).

**I.     Background**

On December 16, 2011, plaintiffs filed a complaint in this court alleging trademark infringement of PepsiCo and Frito-Lay trademarks by defendant. (Doc. # 1). Defendant is in the business of marketing, selling, and distributing smoking accessories, including diversionary concealment devices. These devices are often a can, bottle, or canister safe created from other companies' original packaging and bearing other companies' trademarks.

Defendant allegedly markets can safes bearing Pepsi, Pepsi-Cola, Diet Pepsi, Sierra Mist, and Mountain Dew marks and corresponding trade dress. These can safes are visually identical to PepsiCo's genuine products. The infringing can safes incorporate a secret compartment that is

**James C. Mahan**
**U.S. District Judge**

1 accessible by twisting off the top of the can safe.

2 Defendant allegedly markets bottle safes bearing the Pepsi, Diet Pepsi, Mountain Dew, and Aquafina marks and corresponding trade dress. These bottle safes are visually identical to PepsiCo's genuine products. The infringing bottle safes contain a hidden interior compartment behind the label portions of the bottle. The hidden interior compartment is accessed by twisting and pulling the infringing bottle safe apart.

Defendant allegedly markets canister safes bearing the Frito-Lay marks and corresponding trade dress. The hidden interior compartment is created by removing a portion of the snack foods inside a genuine Frito-Lay product, converting the bottom to a screw-type lid, and fitting or gluing a plastic divider inside to create a hidden compartment in the bottom portion of the canister.

Plaintiffs allege that consumers who encounter the infringing can safes, bottle safes, and canister safes, post-sale, cannot distinguish them from authentic PepsiCo products and Frito-Lay products, respectively, in appearance. Plaintiffs contend that defendant's infringement has damaged their goodwill in their marks as well as harmed their business reputations.

In the instant action, defendant was timely served (doc. # 12); however, defendant has failed to answer or otherwise respond to plaintiffs' complaint despite being on notice of plaintiffs' claim against it (*see* docket generally). On July 25, 2012, plaintiffs filed a motion for entry of default against defendant. (Doc. # 14). On July 26, 2012, the clerk's office entered default against defendant. (Doc. # 15).

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." FED. R. CIV. P. 55(b)(2).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  On July 26, 2012, the clerk entered default against defendant for its failure to plead or otherwise defend the instant lawsuit. (Doc. # 15). Pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiffs now asks this court to enter default against defendant.

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* FED.R.CIV.P. 8(d).

The first *Eitel* factor weighs in favor of granting plaintiffs' motion because plaintiffs have no other recourse to recoup damages caused by defendant and prevent defendant from further infringement. *See Adobe Sys. Inc. v. Marmeletos*, 2009 WL 1034143 at *3 (N.D. Cal. Apr. 16, 2009). Defendant has not answered or otherwise responded to the complaint. If plaintiffs' motion for default judgment is not granted, plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 283 F.Supp.2d 1127, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors favor a default judgment where the claims are meritorious and the complaint sufficiently states a claim for relief. *See Cal. Security Cans*, 238 F.Supp.2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)). Plaintiffs' complaint states plausible claims for relief for trademark infringement, unfair competition, and trademark dilution under the Lanham Act; for trademark infringement and unfair competition under Nevada common law; for deceptive trade practices in violation of Nev. Rev. Stat. § 598.0915; and for trademark dilution in violation of Nev. Rev. Stat. § 600.435. (*See* doc. # 1). Further, plaintiffs' complaint is well pleaded as it identifies defendant, enumerates plaintiffs' rights in its trademarks, describes the

**James C. Mahan**
**U.S. District Judge**

1  steps defendant took to infringe upon its trademarks, and sets forth causes of action for defendant's
2  conduct. (Doc. # 1).

3  Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to
4  the seriousness of defendant's conduct. *See Cal. Security Cans*, 238 F.Supp.2d at 1176. The sum of
5  money at stake is currently unknown, as plaintiffs seek to have defendant pay for all profits that it
6  has derived from its acts of trademark infringement, unfair competition, and dilution. However, at
7  this juncture, plaintiffs are not requesting any monetary relief to which they may otherwise be
8  entitled. (Doc. # 15). But the court acknowledges that plaintiffs reserve the right to seek monetary
9  relief in the future. Thus, this factor weighs neither in favor nor against granting default judgment.

10  The fifth *Eitel* factor favors default judgment. Given the sufficiency of the complaint,
11  evidence of defendant's infringement, and defendant's default, "no genuine dispute of material facts
12  would preclude granting [plaintiffs'] motion." *Cal. Security Cans,* 238 F.Supp.2d at 1177; *see*
13  *Geddes,* 559 F.2d at 560.

14  Applying the sixth factor, the court cannot conclude that defendant's default is due to
15  excusable neglect. Defendant was properly served with summons and the complaint. (*See* doc. # 18).
16  Defendant's failure to respond or litigate this case cannot be attributable to excusable neglect. *United*
17  *States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that it was
18  "perfectly appropriate" for the district court to enter default judgment against a corporation that
19  failed to appear in the action through licensed counsel).

20  The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their
21  merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. But the mere existence of Rule 55(b)
22  "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238 F.Supp.
23  at 1177 (citation omitted). Moreover, defendant's failure to answer or otherwise respond to the
24  complaint "makes a decision on the merits impractical, if not impossible." *Id.*

25  Having reviewed plaintiffs' motion and evidence submitted with the instant motion, and
26  having considered the *Eitel* factors as a whole, the court concludes that the entry of default judgment
27  is appropriate against defendant.

28

**James C. Mahan**
**U.S. District Judge**

### III.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs PepsiCo, Inc. and Frito-Lay North America, Inc. application for default judgment against defendant Ram Traders, Ltd. (doc. # 15) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs prepare and submit an appropriate judgment.

DATED January 8, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**