William R. Urga
Nevada State Bar No. 1195
wru@juww.com
JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Pkwy
Wells Fargo Tower - 16th Floor
Las Vegas, Nevada 89169
Telephone: (702) 699-7500
Facsimile: (702) 699-7555

PATTISHALL MCAULIFFE NEWBURY
HILLIARD & GERALDSON LLP
Jonathan S. Jennings (IL No. 6204474)
Daniel In Hwang (IL No. 6293052)
311 South Wacker Drive, Suite 5000
Chicago, IL 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015

Attorneys for Plaintiffs
    PepsiCo, Inc. and Frito-Lay North America, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **PEPSICO, INC.,** a North Carolina corporation, and **FRITO-LAY NORTH AMERICA, INC.,** a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**RAM TRADERS, LTD.**, a Nevada corporation,<br><br>Defendant. | Case No. 2:11-cv-02017-JCM-RJJ<br><br>**FINAL JUDGMENT** |

Plaintiffs, PepsiCo, Inc. ("PepsiCo") and Frito-Lay North America, Inc. ("Frito-Lay"), (PepsiCo and Frito-Lay are hereinafter collectively referred to as "Plaintiffs") brought this action against Defendant, Ram Traders, Ltd. ("Defendant") to prevent its advertising and sale of PEPSI,

DIET PEPSI, PEPSI-COLA, SIERRA MIST, and MOUNTAIN DEW can safe products; PEPSI, DIET PEPSI, MOUNTAIN DEW, and AQUAFINA bottle safe products; and FRITO-LAY, DORITOS, CHEETOS, FRITOS, and CHESTER CHEETAH canister safe products.

1.  This Court has personal jurisdiction over the parties, including Defendant, as well as subject matter jurisdiction over this action.

2.  PepsiCo manufactures, markets, distributes, and sells beverage products throughout the United States and has made continuous use of the trademarks PEPSI, DIET PEPSI, PEPSI-COLA, AQUAFINA, SIERRA MIST, and MOUNTAIN DEW on their own, or with designs or other variations (collectively, the "PEPSICO Marks"), in connection with the manufacture, marketing, distribution and sale of beverage products (the "PEPSICO Products").

3.  PepsiCo owns federal trademark registrations for its PEPSICO Marks issued by the United States Patent and Trademark Office in connection with its PEPSICO Products.

4.  Frito-Lay manufactures, markets, distributes, and sells snack food products throughout the United States and has made continuous use of the trademarks FRITO-LAY, DORITOS, CHEETOS, FRITOS, and CHESTER CHEETAH, on their own, or with designs or other variations (collectively, the "FRITO-LAY Marks"), in connection with the manufacture, marketing, distribution, and sale of snack food products (the "FRITO-LAY Products").

5.  Frito-Lay owns federal trademark registrations for its FRITO-LAY Marks issued by the United States Patent and Trademark Office in connection with its FRITO-LAY Products.

6.  Without PepsiCo's consent, Defendant has advertised and sold in the United States can safes bearing the PEPSI, PEPSI-COLA, DIET PEPSI, SIERRA MIST, and MOUNTAIN DEW trademarks and trade dress, and bottle safes bearing the PEPSI, DIET PEPSI, MOUNTAIN DEW, and AQUAFINA trademarks and trade dress, all of which are manufactured from actual

PEPSICO Products.

7. Without Frito-Lay's consent, Defendant has sold in the United States canister safes bearing the FRITO-LAY Marks and Frito-Lay's trade dress, which are manufactured from actual FRITO-LAY Products.  (These can, bottle, and canister safes bearing the PEPSICO Marks, FRITO-LAY Marks, and the PEPSICO Products and FRITO-LAY Products' trade dress are hereinafter referred to collectively as the "Infringing Safes").

8. Defendant's advertising and sale of the Infringing Safes constitutes:

   a. trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114;

   b. unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   c. trademark infringement in violation of Nevada common law;

   d. unfair competition in violation of Nevada common law;

   e. deceptive trade practices in violation of N.R.S. § 598.0915;

   f. dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and

   g. dilution in violation of N.R.S. § 600.435.

9. Defendant, its parent, affiliated and subsidiary companies, and the partners, agents, officers, directors, servants, employees, its manager Ricky Kumar, and attorneys and all of them, their successors and assigns, and all others in active concert or participation with any of them, are permanently enjoined and restrained from:

   a. Manufacturing, distributing, selling, offering for sale, advertising or promoting, hiding or destroying, safes consisting of cans, can safes or stash cans bearing any of Plaintiff PepsiCo's trademarks, including the trademarks PEPSI, PEPSI-COLA, DIET PEPSI, SIERRA MIST, MOUNTAIN DEW, and any materials bearing a colorable imitation of these trademarks

(hereinafter "Can Safes");

b. Manufacturing, distributing, selling, offering for sale, advertising or promoting, hiding or destroying, safes consisting of bottles, hideaway bottles, stash bottles or bottle safes bearing any of Plaintiff PepsiCo's trademarks, including the trademarks PEPSI, DIET PEPSI, MOUNTAIN DEW, AQUAFINA, and any materials bearing a colorable imitation of these trademarks (hereinafter "Bottle Safes");

c. Manufacturing, distributing, selling, offering for sale, advertising or promoting, hiding or destroying, canister safes bearing any of Plaintiff Frito-Lay's trademarks, including the trademarks FRITO-LAY, DORITOS, CHEETOS, FRITOS, CHESTER CHEETAH, and any materials bearing a colorable imitation of these trademarks (hereinafter "Canister Safes");

d. Doing any other act or thing likely to confuse, mislead or deceive members of the public into believing that Defendant's Can Safes, Bottle Safes, or Canister Safes emanate from, or are connected with, licensed, sponsored or approved by Plaintiffs; and

e. Assisting, aiding or abetting any other person or business entity in engaging in any of the activities prohibited in subparagraphs (a) through (d) above.

SO ORDERED AND ADJUDGED:

Dated January 16, 2013.

_____
United States District Judge